UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| Brand 44, LLC ) | Case No. 22-13369-EEB |
| Tax ID / EIN: 20-1562120 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION FOR EXPEDITED ENTRY OF ORDERS**

Patrick S. Layng, the United States Trustee for Region 19 (the "UST"), through counsel, files this objection to the Debtor's Motion Seeking Expedited Entry of Orders (the "Motion" at Docket No. 12) and states as follows:

### Background

1. Brand 44, LLC (the "Debtor") filed its voluntary petition for relief under Subchapter V of chapter 11 of title 11, United States Code, on September 1, 2022 (the "Petition Date") thereby commencing the above captioned case. A committee of unsecured creditors has not been appointed and Debtor continues to operate as a debtor-in-possession.

2. Because Debtor asserted on the Petition Date that it was eligible for Subchapter V, on September 2, 2022, pursuant to his statutory duties, the UST filed a Notice appointing Mark Dennis as the Subchapter V Trustee in this case.

3. Debtor's meeting of creditors under 11 U.S.C. § 341 is scheduled to occur on October 5, 2022 at 1:00 pm.

4. On the Petition Date, the Debtor filed its Motion by which Debtor seeks entry of various "first day" orders. In addition to the Motion, the Debtor separately filed separate motions requesting entry of each of the "first day" orders. By this Objection, the UST objects to both the Motion as well as certain, separate motions for expedited entry of orders, namely Debtor's Motion for Interim Use of Cash Collateral (the "Cash Collateral Motion" at Docket No. 8) and Debtor's Motion for Authority to Continue Use of its Existing Bank Account (the "Bank Account Motion" at Docket No. 10).

5. The Court set a preliminary hearing on the Debtor's first day motions for Wednesday, September 7, 2022, at 1:30 p.m.

6. Debtor has not filed its Schedules nor its Statements of Financial Affairs.

### Objections

7. The UST preliminarily objects to the Debtor's Motion as follows:

1

Objection to Interim Order Authorizing the Use of Cash Collateral.

8. The proposed Interim Order Authorizing the Use of Cash Collateral (the "Interim Cash Collateral Order" at Docket No. 8-3) is attached to the Cash Collateral Motion (at Docket No. 8).

9. Generally, the UST is not opposed to Debtor's interim use of cash collateral, however, the UST is opposed to entry of the twenty-seven (27) page proposed Interim Cash Collateral Order for the following reasons.

10. The Interim Cash Collateral Order fails to comply with L.B.R. 4001-2(a)(2) and fails to demonstrate necessity or cause for approval of the extensive Interim Cash Collateral Order. Debtor does not separately identify certain provisions as the L.B.R. requires (as identified below) and as contained in L.B.R. 4001-2(a)(2) which states:

> (2) Provisions That Will Not Be Approved without Demonstration of Necessity or Cause. All Financing Motions must identify the location of any of the following provisions or findings of fact in the proposed form of order and/or underlying cash collateral stipulation or loan agreement by page, paragraph and/or line number, and provide the justification for the inclusion of each such provision or finding of fact:
>
> (A) Cross-collateralization that secures pre-petition debt by post-petition assets not otherwise subject to the secured party's pre-petition security interest, except as a means of providing adequate protection for use of cash collateral, to the extent of deterioration of a secured creditor's position. *See* 11 U.S.C. § 552;
>
> (B) Binding the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's lien or debt;
>
> (C) Binding the estate or all parties in interest with respect to the relative priorities of the secured party's lien and liens held by persons who are not party to the stipulation (i.e., an order approving a stipulation providing that the secured party's lien is a "first priority" lien);
>
> (D) Waivers of 11 U.S.C. § 506(c);
>
> (E) Provisions that operate to divest the debtor-in-possession of any discretion in the formulation of a plan, administration of the estate or limit access to the Court to seek any relief under other applicable provisions of law;
>
> (F) Releases of liability for the creditor's alleged pre-petition torts or breaches of contract;
>
> (G) Waivers of avoidance actions arising under the Bankruptcy Code;
>
> (H) Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee;
>
> (I) Waivers of the procedural requirements for foreclosure mandated under applicable non-bankruptcy law;
>
> (J) Adequate protection provisions that create liens on claims for relief arising under the Bankruptcy Code (see 11 U.S.C. §§ 506(c), 544, 545, 547, 548, and 549);

(K) Waivers, effective on default or expiration, of the debtor's right to move for a Court order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent; and

(L) Findings of fact extraneous to the approval process.

11. Page 4, paragraph (ii), of the proposed Interim Cash Collateral Order violates L.B.R. 4001-2(a)(2)(B) and (C), as the proposed order seeks to bind the estate or all parties in interest with respect to the validity, perfection or amount and relative priority of Alpine Bank's lien or debt.

12. Page 5, paragraph (iv), of the proposed Interim Cash Collateral Order violates L.B.R. 4001-2(a)(2)(F), as Alpine Bank seeks a release for claims against the bank.

13. Page 6 and 7, paragraph G, of the proposed Interim Cash Collateral Order violates L.B.R. 4001-2(a)(2)(A), in seeking an order that Section 552(b) shall not apply to Alpine Bank.

14. Page 9, paragraph 4(a), of the proposed Interim Cash Collateral Order violates L.B.R. 4001-2(a)(2)(J), in seeking adequate protection provisions that create liens on Section 549 causes of action.

15. Pages 10 and 17 of the proposed Interim Cash Collateral Order violate L.B.R. 4001-2(a)(2)(D) in seeking waiver of Section 506(c).

16. Page 10 of the proposed Interim Cash Collateral Order, paragraph (b), seeks super priority claims over Section 726 administrative expenses and Section 506(c). Those provisions should be eliminated from Alpine Bank's request for super priority.

17. The Carve-Out provision in Paragraph 7, page 15, should not include fees payable under 28 U.S.C. § 1930(a)(6) as Debtor is a Subchapter V debtor; Subchapter V trustee fees should be included in the Carve-Out provision.

18. Debtor does not explain why adequate protection payments are necessary given that the Alpine Bank will receive replacement liens and other forms of protection.

19. To the extent that adequate protection payments of $75,000 per month will be made by Debtor, the proposed Interim Cash Collateral Order should clarify that the adequate protection payments will pay down Alpine Bank's prepetition claims.

20. The Interim Cash Collateral Order does not discuss whether Debtor has consent from the U.S. Small Business Administration (SBA) and/or US Business Funding for use of cash collateral. Debtor's budgets are silent as to payments to the SBA and US Business Funding.

Objection to Debtor's Motion for Authority to Continue Use of Its Existing Bank Account.

21. Debtor's Motion for Authority to Continue Use of its Existing Bank Account (the "Bank Account Motion" at Docket No. 10) seeks approval to continue use of its bank account with Alpine Bank.

22. Alpine Bank is not an authorized depository in the District of Colorado. Generally, the authorized depository program enables the United States Trustee Program to oversee the depositories that are holding more than the insurable amount in bankruptcy estate funds. Any financial institution may qualify to be added to the following list by contacting the United States Trustee. The depository must provide the United States Trustee with a signed depository agreement for approval. Once approved, the financial institution may be added to the list.

23. Debtor has a pending motion seeking bidding procedures for the sale of substantially all of Debtor's assets (*See* Docket No. 14). Although Debtor has not filed Schedules, it is anticipated that sale of all assets would exceed the $250,000 FDIC limits which apply to Debtor's current bank account. Should sale proceeds of all assets be held by Alpine Bank, there would be an amount which would likely be uninsured if held in one account with Alpine Bank.

24. Debtor should be required to open and maintain a debtor-in-possession account and should comply with § 345(b). Any order granting relief requested by Debtor on the Bank Account Motion should only be entered on an interim basis, with appropriate notice and an opportunity to object to be provided to parties in interest, including secured creditors.

Limited Objection to Debtor's Motion for Authority to Pay Prepetition Wages.

25. The Debtor's Motion for Authority to Pay Prepetition Wages does not identify exact amounts to be paid to specific employees and the breakdown of taxes and benefits paid for the benefit of each employee. Debtor should provide the UST with an exhibit that contains specific amounts Debtor intends to pay to and for employees identified on the Declaration of Edward O'Brien (at Docket 8-5, page 10).

Reservation of Rights

26. The UST also reserves the right to object to any of the proposed orders at the hearing for any additional reason.

WHEREFORE, the UST objects to the Motion, and the separate motions discussed herein, for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: September 6, 2022

Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Paul Moss
By: Paul Moss, #26903
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7995 telephone
(303) 312-7259 facsimile
Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on the 6th day of September 2022, that a copy of **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR EXPEDITED ENTRY OF ORDERS,** was served on the following parties (and any party who requested electronic notice in the above-captioned case) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

*VIA CM/ECF:*

Christian C. Onsager
J. Brian Fletcher
Gabrielle Palmer
Mark David Dennis
Timothy M. Swanson

*/s/ Paul Moss*
Office of the U.S. Trustee